# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **ELIZABETH JOURNET** | **CASE NO. 6:23-CV-00358** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **CRAIG MATHEWS** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM ORDER

Before the court is a Motion for Appointment of Counsel filed by *pro se* plaintiff, Elizabeth Journet. Rec. Doc. 9. She seeks appointment of counsel in connection with this employment discrimination suit under Title VII of the Civil Rights Act, which affords courts discretion to appoint counsel. 42 U.S.C. ' 2000e-5(f)(1) ("[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant[.]")

A civil rights plaintiff has no absolute right to an appointed counsel. Rather, the decision of whether to provide counsel lies solely within the discretion of the court. *Salmon v. Corpus Christi I.S.D.*, 911 F.2d 1165, 1166 (5th Cir. 1990); *Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990), *citing Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305 (5th Cir.1977); *Johnson v. City of Port Arthur*, 892F.Supp. 835, 839 (E.D.Tex.1995).

The Fifth Circuit has set forth three general factors in evaluating applications for appointment of counsel in Title VII cases: (1) the effort taken by the complainant to obtain counsel on his or her own, (2) the complainant's financial ability to retain counsel, and (3) the merits of the complainant's claims of discrimination. *Caston*, 556 F.2d at1309-10. *See also Neal v. IAM Local Lodge 2386*, 722 F.2d 247, 250 (5th Cir.1984). The first factor requires a determination regarding the plaintiff's efforts to obtain counsel. Plaintiff fails to satisfy this factor, because she has only reached out to one attorney, whose fees she states were too expensive. Plaintiff did not state whether she made any additional attempts to obtain counsel, including any who may be willing to take the case on a contingency basis.

The second factor relates to the plaintiff's Application to Proceed in Forma Pauperis. The Court granted Plaintiff's motion for in forma pauperis status. (Rec. Doc. 3). Therefore, the second factor is satisfied.

Finally, with respect to the merits of the plaintiff's claim, the court must consider the determination of the EEOC. While an unfavorable determination must be considered, it cannot be given preclusive effect. An adverse EEOC determination may weigh heavily in the scales against appointing an attorney only when the court finds the EEOC determination is supported by substantial evidence in the investigative file and that the plaintiff's objections thereto are patently frivolous. *Caston*, 556 F.2d at 1309; *Neal*, 722 F.2d at 250.

Plaintiff alleges age discrimination against her employer. She alleged in her complaint that she was passed over for three positions, which were given to individuals who were under forty. (Rec. Doc. 1, p. 6-7). She attached a right to sue letter from the EEOC stating that the agency will not proceed further with an investigation. (Rec. Doc. 1; Rec. Doc. 1-2). Otherwise, the record at this stage lacks sufficient information to determine the probable merits of Plaintiff's claim. The Fifth Circuit has condoned a review of the EEOC administrative record prior to ruling upon a motion to appoint counsel. *Neal*, 722 F.2d at 250. Accordingly,

**IT IS ORDERED** that the EEOC shall file a copy of its investigative file, including any computer-generated notes, regarding Elizabeth Journet, Charge No. 461-2022-00601, into the record by June 15, 2023. Any documents as to which the EEOC asserts the deliberative information privilege shall be produced directly to the chambers of the undersigned for *in camera* inspection.

**IT IS FURTHER ORDERED** that, upon receipt of the EEOC file, the Clerk of Court shall mail a copy of the file to Plaintiff. Plaintiff's response is due ten days from her receipt of the EEOC file.

**IT IS FURTHER ORDERED** that the Clerk shall send a copy of this Order to the EEOC office:

> EEOC
> New Orleans Field Office
> Hale Boggs Federal Building
> 500 Poydras Street, Suite 809
> New Orleans, LA 70130

Signed at Lafayette, Louisiana on this 15th day of May, 2023.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE