UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**ELIZABETH JOURNET**                           **CASE NO. 6:23-CV-00358**

**VERSUS**                                      **JUDGE TERRY A. DOUGHTY**

**CRAIG MATHEWS**                               **MAGISTRATE JUDGE CAROL B. WHITEHURST**

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment [Doc. No. 29] filed by Defendant Craig Mathews ("Mathews"). An Opposition [Doc. No. 32] was filed by Plaintiff Elizabeth Journet ("Journet"), and a Reply [Doc. No. 33] was filed by Mathews.

For the reasons set forth herein, Mathews' Motion for Summary Judgment is **GRANTED**.

**I.   BACKGROUND**

This action arose out of an EEOC Complaint alleging age discrimination of Journet by Mathews. Journet has worked for St. Martin, Iberia, Lafayette Community Action Agency ("SMILE") for approximately ten years as a Case Manager/Worker.[1] Journet alleges she applied for three different positions at SMILE and was not hired due to impermissible age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA").[2]

Prior to filing the suit, Journet filed an Equal Employment Opportunity Commission ("EEOC") Complaint against SMILE.[3] The EEOC issued a Notice of Right to Sue SMILE on February 7, 2023.[4] However, Journet did not file suit against SMILE.[5] Instead, she filed suit against

---

[1] [Doc. No. 11].
[2] [Doc. No. 1].
[3] [Doc. No. 1-2].
[4] [Doc. No. 11].
[5] [Doc. No. 1].

1

Mathews—SMILE's CEO.[6] On January 16, 2025, Mathews filed the pending motion.[7] Mathews alleged that he did not hire Journet individually and that all employment decisions made by SMILE were made by a panel of five (5) or more administrative staff at SMILE, not by him individually.[8]

The issues have been briefed and the Court is prepared to rule.

## II.     LAW AND ANALYSIS

### A.  Standard of Review

A court will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). If the movant meets their initial burden of showing no genuine issue of material fact, "the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc.*, 738 F.3d 703, 706 (5th Cir. 2013) (cleaned up). A fact is "material" when proof of its existence or nonexistence would affect the lawsuit's outcome under applicable law in the case. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). So "the mere existence of some alleged factual dispute will not defeat an otherwise properly supported motion for summary judgement." *Id*. at 247-48. And a dispute about a material fact is "genuine" only if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

When the duty to find the facts lies with the Court rather than a jury, "and there are no issues of witness credibility, the Court may conclude on the basis on the affidavits, depositions, and stipulations before it, that there are no genuine issues of material fact." *Nunez v. Superior Oil Co*., 572 F.2d 1119, 1123-24 (5th Cir. 1978) (cleaned up). This stands true even when the Court's

---

[6] [Doc. No. 29-2].
[7] [Doc. No. 29].
[8] [Id.].

decision rests "on inferences to be drawn from what has been incontrovertibly proved." *Id*. at 1124. In other words, when the evidentiary facts are clear, the Court "may grant summary judgment if trial would not enhance its ability to draw inferences and conclusions." *Id*.

### B. Analysis

The ADEA makes it unlawful for an "employer" to discriminate against an individual on the basis of age.[9] The term "employer" means a person "engaged in an industry affecting commerce, who had twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.[10] However, the ADEA does not provide a "basis for individual liability for supervisory employees" due to the heavy burden placed on those who routinely make personnel decisions. *Stults v. Conoco, Inc.,* 76 F.3d 651, 655 (5th Cir. 1996). As Journet filed this discrimination claim against Matthews, SMILE's CEO, she lacks a cause of action here. *Smith v. Amedisys Inc.,* 298 F.3d 434, 448 (5th Cir. 2022); *see also Ackel v. National Commc'ns, Inc.*, 339 F.3d 376, 381, n.1. (5th Cir. 2003).

Therefore, Mathew's Motion for Summary Judgment is **GRANTED**.

### III. CONCLUSION

For the reasons set forth herein the Motion for Summary Judgment [Doc. No. 29] filed by Mathews is **GRANTED**.

Monroe, Louisiana this 25th day of February 2025.

_____
**TERRY A. DOUGHTY, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[9] 29 U.S.C. 623(a).
[10] 29 U.S.C. 623(b).

3